# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CORINE VELASQUEZ,

    Plaintiff,

vs.          No. CIV 03-1403 JB/ACT

FRONTIER MEDICAL INC., and
FRONTIER MEDICAL EQUIPMENT, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion for Protective Order, filed October 4, 2004 (Doc. 12). The Court held a telephonic hearing on the motion on January 7, 2004. Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will deny the Defendants Frontier Medical Inc.'s and Frontier Medical Equipment, Inc.'s ("the Defendants") Motion for Protective Order.

## PROCEDURAL BACKGROUND

On February 18, 2003, Plaintiff Corine Velasquez filed a Charge of Discrimination with the New Mexico Human Rights Division and the United States Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of national origin (Hispanic) and sexual harassment on the basis of sex (female) in violation of Title VII. On September 10, 2003, the EEOC issued a Dismissal and Notice of Rights informing Velasquez that it was unable to conclude that the information it had obtained established a violation of the applicable statutes. The EEOC notified Velasquez that she needed to file any lawsuit against the Defendants within ninety days of her receipt of the Dismissal and Notice of Rights.

On December 9, 2003, Velasquez filed a Complaint for Damages and Jury Demand alleging that Frontier violated Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. ¶ 2000e-5(f)(3), based on national origin and sexual harassment, breach of contract, breach of implied covenant of good faith and fair dealing, unlawful gender discrimination, and wrongful termination. In her Complaint, Velasquez alleged that she was treated differently in the her employment's terms and conditions because of her sex and national origin. On September 8, 2004, Velasquez hand delivered to Frontier's counsel Plaintiff's First Request for Production of Documents and Plaintiff's Interrogatories to Defendants.

The Defendants do not object to any of the Plaintiff's Interrogatories to Defendants. The Defendants do object, however, to Request No. 3 and Request No. 15 of Documents to Defendants. Those requests state:

> REQUEST NO. 3:  Produce any and all full and complete personnel files and records maintained by Defendants with respect to the [sic] Mike Holt, Colleta Zamora, Tony Godac, and Corina Zambrano, and any other of Plaintiff's supervisor(s) who were involved in Plaintiff's supervision, evaluation and discipline for the last five (5) years. This request includes any Human Rights file, EEOC file, evaluations, training records, reviews, employment dates, awards, commendations, education records, qualification records, experience records, leave records, leave records, injury or illness records, benefit records, incident or accident reports, and any other items from this time. Also include any and all employee performance evaluations and disciplinary files for the abovementioned individuals.
>
> * * * *
>
> REQUEST NO. 15:  Produce any and all payroll and time sheet/time log records for Mr. Tony Godac from the period of January 2000 to the present time.

Frontier objects to both requests on the following grounds:

   A.   Both Request No. 3 and Request No. 15 require the Defendants to provide to the Plaintiff <u>confidential information</u> of persons who are not a party to this lawsuit, i.e., Mike Holt, Colleta Zamora, Tony Godac and Corina Sambrano.

> Mike Holt is the President of FRONTIER MEDICAL INC., which company no longer does business, and is presently the President of FRONTIER MEDICAL EQUIPMENT, INC. Colleta Zamora is the present Director of Nursing for FRONTIER MEDICAL HOME, INC., a New Mexico corporation, which is not a party to this cause of action although Colletta Zamora used to be the Director of Nursing for FRONTIER MEDICAL INC. before it stopped doing business. Tony Godac is a former equipment technician with FRONTIER MEDICAL EQUIPMENT, INC. but is no longer employed with this corporation. Corina Sambrano is the Vice President of FRONTIER MEDICAL EQUIPMENT, INC. The personnel files of these four individuals are confidential and, in addition, have nothing whatsoever to do with any of the causes of action set forth in Plaintiff's Complaint filed herein on December 9, 2003.
>
> B.  Both Request No. 3 and Request No. 15 are irrelevant. Documentation is [not][1] relevant and subject to discovery only if there is any possibility that the information sought may be relevant to the subject matter of the action. . . .

Memorandum in Support of Defendants' Motion for Protective Order at 3-4, filed October 7, 2004 (Doc. 13)(emphasis in the original).

Frontier's counsel has, in good faith, conferred with Velasquez' counsel and has requested that Velasquez withdraw the two requests for production at issue herein in an effort to resolve this dispute without court action, but Vigil refused to withdraw the two requests for production. On October 7, 2004 -- one day before Frontier hand delivered its answers to Velasquez' discovery -- Frontier filed a Motion for Protective Order pertaining to Request for Production No. 3 and No. 15. Frontier served the Motion for Protective Order via United States Mail, the day before the deadline for producing its responses to discovery. Velasquez' counsel did not receive the motion until after the deadline to produce discovery responses to her.

The Defendants move the Court for an order protecting them from having to produce to

---

[1] At the hearing on this motion, Defendant's counsel orally amended his motion to include the word "not." Transcript of Hearing 4:11-12 (taken January 7, 2005).

Plaintiff Corine Velasquez: (i) the full and complete personnel files and related records that Frontier maintains with respect to Mike Holt, Colleta Zamora, Tony Godac, and Corrina Sambrano; and (ii) any and all payroll and time logs for Godac for the period from January 2000 to the present time.

## LAW ON PROTECTIVE ORDERS

A party may obtain discovery regarding any matter that is relevant to any party's claim or defense. See Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

According to rule 26(c) of the Federal Rules of Civil Procedure, a person or party, by whom discovery is being sought, may file a motion for protective order. The court may grant a protective order when it is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). See Thomas v. Int'l Bus. Mach., 48 F.3d 478, 482 (10th Cir. 1995). It is the party seeking the protective order who has the burden to show good cause for a protective order. See Sentry Ins. V. Shivers, 164 F.R.D. 255, 256 (D. Kan. 1996). To demonstrate good cause, the party seeking the protective order must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981)(internal quotations and citations omitted).

The movant must initiate the request for protection in a timely manner. Although rule 26(c) is silent as to the time within which the movant must file for a protective order, the Tenth Circuit has held that "a motion under [rule] 26(c) for protection . . . is timely filed if made before the date set for production." See In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation, 669 F.2d 620, 622 n.2 (10th Cir. 1982)(citing United States v. Int'l Bus. Mach. Corp., 70 F.R.D. 700, 701 (S.D.N.Y. 1976)).

## ANALYSIS

The Defendants contend that Velasquez has not shown, and cannot show, good cause to justify having access to this information, that this information is confidential, that none of this information is relevant and/or admissible evidence, and that therefore is not subject to discovery in this case. But the Defendants misplace this burden. It is the Defendants that have the burden to show good cause for a protective order; the plaintiff need only show that the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Velasquez has made her minimal showing, and the Defendants have not met their burden.

### I.   FRONTIER'S MOTION IS TIMELY.

Velasquez contends that the timeliness of Frontier's motion is arguable, because she did not receive the motion until after the date in which it was to produce documents. Because, on the day before the deadline for production, Frontier filed their motion for a protective order, a copy of which was sent to Velasquez, the Court finds that Frontier's motion is timely. Parties in discovery often are scrambling as discovery deadlines approach, and there is no reason the court should not consider Frontier's motion served almost contemporaneously with its written responses.

### II.   FRONTIER HAS NOT MET ITS BURDEN OF PROVING THAT GOOD CAUSE EXISTS FOR ENTERING A PROTECTIVE ORDER.

Although Frontier has noted two standard discovery objections in its Motion for Protective Order -- relevancy and confidentiality -- it has not met the threshold requirement of establishing good cause. Frontier has not shown how responding to Velasquez' Requests No. 3 and No. 15 will cause annoyance, embarrassment, oppression or undue burden.

It is not enough to make conclusory statements. The Defendants must demonstrate specific

facts to support its assertion. In the motion, and at the hearing on this motion, the Defendants did not submit any affidavits or other evidentiary documentation to support its assertion that good cause exists to enter a protective order. On the record before the Court, the Court cannot discern what, if any, specific injury Frontier will suffer by answering Velasquez' requests. Frontier's motion does not assert any specific harm, but talks of generalized concerns.

The Defendants only objection to Velasquez' request is that they seek information that is irrelevant and confidential. Velasquez' specific allegation, however, are that she was treated differently in terms of disciplinary actions and hours that she was not paid for on her time sheets. Moreover, the time logs for Tony Godac may help her establish that she was treated differently than a similarly situated male employee.[2] Also, the personnel records of the other employees[3] could lead to information concerning disparate treatment of Hispanic female employees or other patterns of discriminatory acts or omissions that Frontier's management committed. The Court finds that the requested information appears reasonably calculated to lead to the discovery of admissible evidence.

Moreover, Velasquez' need for discovery outweighs any marginal concerns about the documents' confidentiality. If there is a genuine issue of confidentiality about specific documents, the parties should attempt to reach agreement on confidentiality or on a confidentiality order. If the

---

[2] Frontier provides a portion of Velasquez' deposition, which indicates Godac is not similarly situated to her because he had been there longer. This motion is not, however, the proper vehicle for the Court to make that determination. The transcript largely shows she does not know all the facts. She is entitled to conduct discovery to see if admissible evidence exists.

[3] Again, Frontier contends, without any supporting evidence, that these other employees have worked at Frontier longer than Velasquez. This discovery motion is not, however, the appropriate vehicle to decide whether these other employees are similarly situated to Velasquez. The record is not developed or fully before the Court.

parties cannot agree, the parties may approach the Court with specific disputes.[4]

**IT IS ORDERED** that Defendants Frontier Medical Inc.'s and Frontier Medical Equipment, Inc.'s motion for a protective order protecting them from having to produce to the Plaintiff documentation she requested in Request No. 3 and Request No. 15 of Plaintiff's First Request for Production of Documents to Defendants, and their request for attorney's fees, tax, and costs that they incurred in having to file this motion for protective order, is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Gilbert J. Vigil
Albuquerque, New Mexico

    *Attorney for the Plaintiff*

Calvin Hyer, Jr.
Spann, Hyer, Hollowwa & Artley
Albuquerque, New Mexico

    *Attorneys for the Defendants*

---

[4] Frontier's counsel represented that he had not yet reviewed any of the requested documents. After he does so, if he determines that there is some document that raises an issue or concern that the Court has not already addressed, Frontier may produce all other documents and produce a detailed privilege log describing any withheld documents. As the Court discussed at the hearing, Frontier may, if remaining disputes cannot be resolved by the parties, approach the Court for its assistance in resolving any outstanding confidentiality issues. Otherwise, Frontier shall produce all documents responding to Request No. 3 and No. 15.